UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD MICHAEL HARDY, #793957,

       Petitioner,

                              CASE NO. 2:14-CV-10537
v.                              HONORABLE DENISE PAGE HOOD

KENNETH MCKEE,

       Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION TO STAY THE PROCEEDINGS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Michigan prisoner Donald Michael Hardy ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion to stay the proceedings. Petitioner pleaded guilty to carjacking, MICH. COMP. LAWS § 750.529a, in the Oakland County Circuit Court and was sentenced to 12 to 50 years imprisonment in 2011. Petitioner's conviction arises from his and his accomplice's carjacking of a man at gunpoint in July, 2010. During the incident, Petitioner pointed a shotgun at the victim, racked it, and told the victim to give him everything he had. A tussle ensued. Petitioner overpowered the victim and Petitioner and his accomplice drove off in the victim's vehicle. Petitioner and his accomplice were arrested shortly thereafter. In his habeas pleadings, Petitioner raises claims concerning the scoring of Offense Variable 7 ("OV7") of the state sentencing guidelines and the effectiveness of trial counsel.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, the Court concludes that the petition must be denied.

## II.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

## III. Discussion

Petitioner asserts that the state trial court erred in scoring OV7 at 50 points by finding that the victim "was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense" and that trial counsel was ineffective for failing to object to that scoring decision. Petitioner raised these issues on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Hardy*, No. 306106 (Mich. Ct. App. Nov. 18, 2011) (unpublished). The Michigan Supreme Court granted leave to appeal, and then affirmed Petitioner's conviction and sentence. The court ruled that the trial court properly scored OV7 at 50 points based upon the record and Petitioner's own plea colloquy, which established that he pointed a shotgun at the victim and racked it during the carjacking incident. The court further determined that because OV7 was properly scored, trial counsel was not ineffective for failing to object to that decision. *People v. Hardy*, 494 Mich. 430, 444-45, 835 N.W.2d 340 (July 29, 2013).

The Michigan Supreme Court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey*

*v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence is within the statutory maximum of life imprisonment. *See* MICH. COMP. LAWS § 750.529a (providing that carjacking is "punishable by imprisonment for life or for any term of years"). Consequently, it is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that the trial court erred in scoring OV7 is not cognizable on habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). An alleged error in scoring OV7 and determining the sentencing guideline range does not justify federal habeas relief.

To the extent that Petitioner contests the Michigan Supreme Court's interpretation of state law regarding OV7 and the application of that law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for

perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner fails to state a claim upon which relief may be granted as to this issue.

Petitioner is also not entitled to relief on any claim that his sentence was based upon inaccurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; see also *United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner makes no such showing. The record indicates that he had a sentencing hearing with ample opportunity to challenge the scoring of OV7. His counsel, however, agreed with the scoring of OV7 at 50 points. That score was based upon Petitioner's conduct in racking the shotgun while pointing it at the victim and taking his vehicle. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

Additionally, Petitioner is not entitled to habeas relief on his claim that trial counsel was ineffective for failing to object to the scoring of OV7. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This

requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential and counsel is strongly presumed to have made decisions in the exercise of reasonable professional judgment. *Id.* at 689-90. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that undermines confidence in the outcome. *Id.*

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.*

In this case, the Michigan Supreme Court ruled that OV7 was properly scored at 50 points such that counsel was not ineffective for failing to object to that decision. This Court agrees. Given the Michigan Supreme Court's determination that OV7 was properly scored, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's failure to object to the scoring of OV7. Counsel cannot be deemed ineffective for failing to make a futile motion or objection. *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Habeas relief is therefore not warranted on this claim.

### IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Given this determination, the Court **DENIES** Petitioner's motion to stay the proceedings as moot. Furthermore, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner makes no such showing. The one-year limitations period does not pose a concern since his conviction became final on or about October 27, 2013; he has not shown good cause for failing to previously exhaust any additional issues in state court; and the Court cannot determine

whether any additional issues are plainly meritless since Petitioner fails to identify them. A stay is unwarranted.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: February 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2014, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager